UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-00382-UA (OP) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Benjamin A. Gibbs v. C. Hernandez, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| As assigned | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS: ORDER TO SHOW CAUSE**

**I.
Proceedings**

On February 28, 2013, Benjamin A. Gibbs ("Plaintiff") lodged for filing what purports to be a Civil Rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("Complaint"), along with an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF No. 1.) Because Plaintiff has requested leave to proceed *in forma pauperis*, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why his *in forma pauperis* application should not be denied.

**II.
Discussion**

**A.     Summary of Plaintiff's Allegations.**

The Complaint names as Defendants the following employees at the United States Penitentiary ("USP") at Victorville, California: (1) Officer C. Hernandez; (2) Assistant Warden A. Matevousian; (3) Warden Francisco Quintanilla; and (4) Administrator of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00382-UA (OP)** | Date | **March 19, 2013** |
|---|---|---|---|
| Title | **Benjamin A. Gibbs v. C. Hernandez, et al.** | | |

Bureau of Prisons ("BOP") Harrell Watts.  Plaintiff appears to allege violations of the First, Fourth, and Eighth Amendments to the United States Constitution.  All Defendants are being sued inn their individual and official capacities.  Plaintiff seeks damages and injunctive relief.  (Compl. at 3-6, Attach. 5a-c.)

Plaintiff alleges that on or about September 11, 2011, he was walking from Unit 4B to the pill line.  Defendant Hernandez allegedly asked Plaintiff for his identification.  Plaintiff responded that he left his identification in his unit.  Defendant Hernandez then asked Plaintiff to submit to a pat down search.  Defendant Hernandez then told Plaintiff to spread his legs, grabbed Plaintiff's groin, rubbed Plaintiff's buttocks, pulled Plaintiff's pants down, pulled a knife from between Plaintiff's buttocks, and slid his finger into Plaintiff's anus.  Plaintiff requested medical attention for having been sexually assaulted.  Defendant Hernandez denied Plaintiff medical attention.  Plaintiff alleges these acts violated his Fourth and Eighth Amendment rights.  (Id. Attach. 5-5a.)

On March 4, 2012, Plaintiff was strip searched, and his property was also searched.  After a verbal exchange between Plaintiff and Defendant Matevousian, Plaintiff was pulled out of his cell, his property was kicked off the bed, and swept into the hallway.  Plaintiff alleges this violated his First Amendment rights by retaliating against Plaintiff for having filed complaints.  (Id. Attach. 5a-5b.)

Plaintiff filed numerous grievances based on the incidents alleged.  Plaintiff alleges Defendants Quintana and Harrell failed to protect Plaintiff in violation of his Eighth Amendment rights.  Plaintiff alleges supervisory liability for maintaining a policy, custom, or practice which directly caused Plaintiff harm.  Finally, Plaintiff alleges he is suffering from Post Traumatic Stress Disorder ("PTSD") resulting from the sexual assault.  (Id. Attach. 5b-5c.)

**B.     The Complaint Is Subject to Dismissal Based on Sovereign Immunity.**

Absent an express waiver, sovereign immunity shields the Federal Government and its agencies from suit.  Loeffler v. Frank, 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed. 2d 549 (1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244, 60 S. Ct. 488, 84 L. Ed. 724 (1940).  Sovereign immunity is jurisdictional in nature.  Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-00382-UA (OP) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Benjamin A. Gibbs v. C. Hernandez, et al. | | |

Ed. 1058 (1941); see also United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Arnsberg v. United States, 757 F.2d 971, 977-78 (9th Cir. 1985) (no right to money damages against United States without sovereign immunity waiver).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. United States v. King, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969). Without such a waiver, the courts have no jurisdiction to entertain a suit against the United States.  Sherwood, 312 U.S. at 586; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (where suit has not been consented to by United States, dismissal of action is required.).

Moreover, the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants when such suit is based on actions done in their official capacities.  See Gilbert, 756 F.2d at 1458.  However, a Complaint that seeks damages against government officials in their individual capacities would not be barred by sovereign immunity.  Id. at 1459.

The United States, through the FTCA[1], has made a limited waiver of sovereign immunity.  FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (Federal Tort Claims Act waived sovereign immunity for "certain torts committed by federal employees.").  The FTCA waiver of sovereign immunity does not, however, extend to constitutional claims.  Although individual employees of the Federal Government may be sued for alleged violations of a plaintiff's constitutional rights, see generally Bivens, 403 U.S. at 388, such claims may not be asserted against the Federal

---

[1] The relevant portion of the Federal Tort Claims Act ("FTCA") provides in pertinent part that:

> . . .the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-00382-UA (OP) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Benjamin A. Gibbs v. C. Hernandez, et al. | | |

Government itself.  See FDIC, 510 U.S. at 477-78; Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985); Laswell v. Brown, 683 F.2d 261, 267-68 (8th Cir. 1982); Birnbaum v. United States, 588 F.2d 319, 327-28 (2d Cir. 1978).

Plaintiff alleges constitutional claims against Defendants, all employees of USP Victorville.  He sues them in their individual and official capacities.  However, he fails to allege an express waiver of sovereign immunity.  Thus, to the extent Plaintiff seeks damages against Defendants in their official capacities, the Court finds that the Complaint is subject to dismissal based on sovereign immunity.

**C.     The Complaint Is Subject to Dismissal for Failure to State an Eighth Amendment Failure to Protect Claim.**

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).  In order to state an Eighth Amendment claim for failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  Farmer, 511 U.S. at 834 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).  Also, the required state of mind is one of "deliberate indifference" to inmate health or safety.  Farmer, 511 U.S. at 834.  This requirement is satisfied by showing that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety."  Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (citing Farmer, 511 U.S. at 837).  Vague and conclusory allegations are insufficient to state a valid claim for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  Vicarious liability is also inapplicable in Bivens actions.  Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Because vicarious liability is inapplicable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00382-UA (OP)** | Date | **March 19, 2013** |
|---|---|---|---|
| Title | **Benjamin A. Gibbs v. C. Hernandez, et al.** | | |

<u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See <u>Redman</u>, 942 F.2d at 1446-47; <u>Hansen</u>, 885 F.2d at 646; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations are insufficient to state a valid claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 553-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In the Complaint, Plaintiff alleges that he was subjected to an unreasonable strip search by Defendant Hernandez and that he was subjected to an unreasonable search of his property by Matevousian. Plaintiff then filed numerous grievances based on the incidents alleged. He further alleges Defendants Quintana and Harrell failed to protect Plaintiff in violation of his Eighth Amendment rights. However, these supervisory Defendants cannot be held liable on a theory of respondeat superior. Further, Plaintiff fails to allege any facts that would establish individual liability on their part. Thus, the Complaint is subject to dismissal for failure to state an Eighth Amendment failure to protect claim against Defendants Quintana and Harrell.

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before April 26, 2013, why his *in forma pauperis* application should not be denied. If Plaintiff still wishes to pursue this action, he shall have until April 26, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint. The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his amended Complaint. The amended Complaint shall not refer to the original Complaint.

Failure to comply with these requirements may result in a recommendation that the *in*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 13-00382-UA (OP) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Benjamin A. Gibbs v. C. Hernandez, et al. | | |

*forma pauperis* application be denied for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to prosecute and/or failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

Finally, Plaintiff shall fill out the new *in forma pauperis* application which includes the prisoner authorization to disburse funds from his trust fund account.

**IT IS SO ORDERED.**

cc:  All Parties of Record

Initials of deputy clerk     jh-relief

Attachments: Ex.1 (Form CV-66A)